# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WARREN D. SUGGS,<br><br>      Plaintiff,<br><br>v.<br><br>JEANIE M. KRAMER, DR. JAMES MURPHY, RANDALL HEPP, and WISCONSIN DEPARTMENT OF CORRECTIONS,<br><br>      Defendants. | Case No. 24-CV-1427-JPS<br><br>**ORDER** |

  Plaintiff Warren D. Suggs, an inmate confined at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. This Order screens Plaintiff's complaint and resolves his motion for leave to proceed without prepaying the filing fee and motion to appoint counsel.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

  On December 11, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $0.79. Plaintiff paid that fee on January 8, 2025. The Court

will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. SCREENING THE COMPLAINT

   2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2  Plaintiff's Allegations

Plaintiff alleges that Defendant Jeanie M. Kramer ("Kramer") was negligent and deliberately indifferent to Plaintiff's medical need. ECF No. 1 at 2. Kramer was the Advanced Care Provider ("ACP") at Waupun Correctional Institution. *Id.* Part of the ACP's job is to schedule outside appointments with specialists. *Id.* Plaintiff had diabetes and macular edema in one eye when he arrived at Waupun. *Id.* As a result of Plaintiff's negligence, Plaintiff lost sight in his other eye. *Id.* at 3. Plaintiff was later diagnosed with macular edema at UW-Madison. *Id.* Defendant James T. Murphy was negligent for failing to do a full medical file review and for not properly examining Plaintiff. *Id.* Defendant Randall Hepp was the Warden of Waupun and was responsible for the care and protection of all inmates. *Id.* The Wisconsin Department of Corrections failed to accommodate Plaintiff's blindness by placing him in a top bunk. *Id.*

### 2.3  Analysis

The Court finds that Plaintiff may not proceed against Defendants on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his

medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). Deliberate indifference requires "[s]omething more than negligence or even malpractice." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Here, the Court does not find that Plaintiff states sufficient factual allegations to proceed against Defendants for an Eighth Amendment deliberate-indifference claim. Plaintiff alleges that Defendants were negligent in treating his diabetes and eye medical issues. As currently pled, Plaintiff's allegations at most show negligence or malpractice, but nothing indicates that Defendants were aware of or intentionally failed to treat his medical issues. Plaintiff may state a state-law negligence claim; however, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim. The Court will provide Plaintiff the opportunity to amend the complaint and provide more information.

Second, the Court finds that Plaintiff may not proceed on ADA and RA claims against Defendant the Department of Corrections ("DOC"). Title II of the Americans with Disability Act ("ADA") "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability' on account of that disability" and applies to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 206 (1998) (quoting 42 U.S.C. § 12132). To establish an ADA claim, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his

Page 4 of 10
Case 2:24-cv-01427-JPS     Filed 02/10/25     Page 4 of 10     Document 12

disability.'" *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12132). Analysis under the Rehabilitation Act ("RA"), 29 U.S.C. § 794, is essentially the same except that the RA includes an additional element requiring that the entity denying access receive federal funds. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (ADA and RA standards are "functionally identical").

"[B]ecause the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations," a plaintiff may not sue defendants in their individual capacities – the proper defendant is the organization, or the individual in his or her official capacity. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds). Like the ADA, the RA has been interpreted to preclude suits against officials in their individual capacities. *See Boston v. Dart*, 2015 WL 4638044, at *2 (N.D. Ill. Aug. 4, 2015) (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 624, 644 (7th Cir. 2015)). DOC is a proper defendant to these claims, as that is the "public entity" that administers the programs and benefits to which Plaintiff seeks access and is the entity that would be responsible for providing him with a reasonable accommodation. *See* 42 U.S.C. §§ 12131(1)(B) & 12132; 29 U.S.C. § 794; Wis. Stat. § 301.04 (providing that DOC may sue and be sued).

> The term "qualified individual with a disability" means,
>
> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. §12131. The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Major life activities include, but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Based on these definitions, Plaintiff's blindness meets the requirement that he allege he is a qualified individual with a disability. Plaintiff alleges that the DOC failed to accommodate his disability by placing him on a top bunk. Plaintiff fails, however, to plead sufficient facts to show that he was denied any services, programs or activities within the prison. It is also unclear whether Plaintiff ever sought an accommodation for his disability. As such, the Court does not find that Plaintiff may proceed on an ADA or RA claim.

The Court will provide Plaintiff the opportunity to amend his complaint to cure the deficiencies identified in this Order. An amended complaint must be filed on or before **March 3, 2025**. Failure to file an amended complaint within this time period may result in dismissal of this action. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.  **MOTION TO APPOINT COUNSEL**

The Court will deny Plaintiff's motion to appoint counsel without prejudice. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether

to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

The first element of *Pruitt* is fairly easy to satisfy, but it is not toothless, and it is not a mere technical condition of submitting a certain number of rejection letters. If it was, then a Wisconsin prisoner litigating a § 1983 action could submit rejection letters from ten randomly selected criminal defense lawyers from Nevada and call his work complete. This cannot be. The purpose of the reasonable-efforts requirement is to ensure that if a court and private lawyers must expend scarce resources to provide counsel for a prisoner, he has at least made a good-faith effort to avoid those costs by getting a lawyer himself. To fulfill this duty, a pro se prisoner should reach out to lawyers whose areas of practice suggest that they might consider taking his case. If he learns that some of the lawyers he has contacted do not, he should reach out to others before he concludes that no one will help him.

Here, Plaintiff has submitted no evidence that he contacted attorneys to represent him in the matter and his motion makes no reference to doing so. ECF No. 7. As such, the Court finds that Plaintiff has failed to satisfy the first *Pruitt* factor, and his motion will therefore be denied without prejudice. Plaintiff may renew his request, if needed, and cure the deficiencies identified in this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** Plaintiff's motion to appoint counsel, ECF No. 7, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the complaint fails to state a federal claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **March 3, 2025**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on a lack of jurisdiction;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $349.21 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.