UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WARREN D. SUGGS,

                Plaintiff,

v.

JEANIE M. KRAMER, DR. JAMES MURPHY, and RANDALL HEPP,

                Defendants.

Case No. 24-CV-1427-JPS

**ORDER**

Plaintiff Warren D. Suggs, an inmate confined at Oshkosh Correctional Institution ("OCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. ECF No. 1. On March 19, 2025, the Court screened the amended complaint and allowed Plaintiff to proceed on an Eighth Amendment claim against Defendants Jeanie M. Kramer ("Kramer"), Dr. James Murphy ("Murphy"), and Randall Hepp ("Hepp") for their deliberate indifference to Plaintiff's serious medical needs. ECF No. 14 at 4.

On May 2, 2025, Defendants Kramer and Hepp (collectively the "State Defendants") filed a motion for summary judgment based on the failure to exhaust administrative remedies. Plaintiff filed motions for an extension of time, ECF Nos. 26, 31, and later filed a response brief, ECF Nos. 28. The Court grants Plaintiff's motions for an extension of time and finds his opposition materials were timely filed. The State Defendants filed a reply on June 2, 2025. ECF No. 34. On June 23, 2025, Plaintiff filed a motion to amend/correct response, ECF No. 40, along with an amended response brief, ECF No. 44. The Court will grant Plaintiff's motion to amend/correct

the response and considers Plaintiff's amended filing. On July 7, 2025, the State Defendants filed a motion to file a surreply in light of Plaintiff's amended filing. ECF No. 46. Although surreplies are typically disfavored, *see Tirnanich v. Select Portfolio Servicing, Inc.*, No. 17-CV-1142-PP, 2018 WL 1247399, at *3 (E.D. Wis. Mar. 9, 2018), the Court finds a surreply appropriate here in light of Plaintiff's supplemental brief. The Court will therefore grant the State Defendants' motion and will consider the surreply in its analysis below. Finally, on July 11, 2025, Plaintiff filed a motion to present evidence. ECF No. 47. The State Defendants filed a response on July 28, 2025. ECF No. 48. The Court will deny Plaintiff's motion as the newly presented evidence was both untimely and unnecessary to the Court's decision.

On June 16, 2025, Defendant Murphy filed a motion for summary judgment based on the failure to exhaust administrative remedies. ECF No. 36. On June 23, 2025, Plaintiff filed a motion to dismiss all claims as to Murphy. ECF No. 41. On July 30, 2025, Murphy filed a reply brief. ECF No. 51.

The Defendants' motions for summary judgment are now fully briefed and ready for disposition. For the reasons explained below, the Court will deny the State Defendants' motion for summary judgment based on the failure to exhaust administrative remedies. Prior to addressing the summary judgments, however, the Court first addresses Plaintiff's motion to dismiss Murphy.

Plaintiff seeks dismissal of all claims against Murphy because he belatedly realized that Murphy was improperly named as a Defendant. ECF No. 41. Plaintiff explains that his poor eyesight caused him to misunderstand the identity of his medical provider. Federal Rule of Civil Procedure Rule 41(a)(2) provides, in relevant part, that "[e]xcept as

Page 2 of 14
Case 2:24-cv-01427-JPS    Filed 12/01/25    Page 2 of 14    Document 53

provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, the Court finds dismissal of the claim against Murphy to be proper. Plaintiff has recognized his mistake and seeks to remedy it. Murphy does not oppose Plaintiff's motion. As such, the Court will grant Plaintiff's motion to dismiss Murphy and will dismiss the claims against him with prejudice. The Court will accordingly deny Murphy's motion for summary judgment based on exhaustion as moot. The Court now turns to the issue of the State Defendants' motion for summary judgment.

1.     **STANDARD OF REVIEW**

    1.1     **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2     **Exhaustion of Prisoner Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the

Page 3 of 14
Case 2:24-cv-01427-JPS   Filed 12/01/25   Page 3 of 14   Document 53

place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id.* § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or

her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

The State Defendants' motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies. The Court finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

In October 2018, Plaintiff was diagnosed with significant diabetic retinopathy. ECF No. 13 at 3. As a result of his evaluation, Plaintiff began

---

[1]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

treatment for this issue at Stanley Correctional Institution. *Id.* at 2–3. Plaintiff was transferred to Columbia Correctional Institution in October 2021, but he still continued to receive his needed medical treatment. *Id.* at 3.

Plaintiff was transferred to Waupun Correctional Institution ("WCI") in June 2022. *Id.* In July 2022, Plaintiff made Defendants aware of his serious medical need and that he had been receiving treatments for diabetic retinopathy. *Id.* Plaintiff informed Defendants that the failure to receive this treatment could result in vision impairment and ultimately blindness. *Id.* Despite being aware of Plaintiff's medical needs and the serious risk to his eyesight, Defendants failed to provide him adequate treatment. *Id.* As a result, Plaintiff suffered permanent damage to his vision that could have been prevented. *Id.*

### 2.2. Exhaustion Facts[2]

Plaintiff is an inmate in the custody of the Wisconsin Department of Corrections ("DOC") and is currently housed at OCI. Plaintiff has been housed at OCI since November 15, 2023, when he transferred from WCI. Plaintiff's Inmate Complaint History Report lists all his complaints processed through the ICRS as of April 10, 2025. Plaintiff filed one inmate complaint about his medical treatment, OSCI- 2024-14026. Plaintiff filed OSCI-2024-14026 in September 2024, at OCI. In OSCI-2024-14026, Plaintiff identified his one issue stating, "I'm receiving ongoing treatment for macular edema which is a visual impairment due to a lack of proper medical care." In the body of OSCI-2024-14026, Plaintiff gave the following details about his complaint:

---

[2]The State Defendants submitted proposed findings of fact. ECF No. 21. Plaintiff submitted his own proposed facts, ECF No. 42, and Defendants responded to those facts along with their surreply, ECF No. 46-2.

> On August 8th, 2024, I went to UW-Madison. The specialist there told me I have macular edema which is a visual impairment. The specialist informed that I developed macular edema due to the fact that the eye injection treatment I had been doing in the past was unnecessary delayed for some reason that is unknown to me. I now have to visit the hospital once a month for treatment. The last time I visited the hospital for treatment was the day stated in this complaint.

The inmate complaint examiner for OSCI-2024-14026 investigated whether there was a delay in treating Plaintiff at Oshkosh. The inmate complaint examiner recommended dismissing the complaint stating:

> Inmate Warren Sudds (sic) complains of lack of proper medical treatment. Inmate Sudds (sic) further states that on August 8, 2024 when he saw the offsite provider, they informed him that macular edema formed due to the eye injection treatment was unnecessarily delayed. Inmate Sudds (sic) lists the date of incident as 09/02/2024, singed the complaint on 09/16/2024, and the complaint was received in Oshkosh Correctional (OSCI) Institution Complaint Examiner (ICE) Office on 09/23/2024.
>
> The ICE contacted Health Services Unit Manger (HSM) Pelky regarding this complaint. HSM Pelky said that on 04/30/2024, Inmate Sudds (sic) had an appointment with Melissa Wendt-Trochiniski. Inmate Sudds stated that the only reason he refused go to the appointment on 4/30/2024 because he was in restrictive housing and was not presentable, would never present himself nor the institution the way he looked and felt at the time, and will not participate in any offsite while in RHU. HSM Pelky stated that he has been seen regularly since.
>
> According to provided information from HSU Pelky, inmate Sudds [sic] has been seen by ophthalmology on 08/06/2024, 09/09/2024, and 10/10/2024 for his monthly injections following his refusal on 04/30/2024.

>   This complaint was reviewed by and with HSM Pelky, who this examiner relied upon for documentation and professional judgment. This complaint should be dismissed as inmates Sudds [sic] refused to go to the offsite provider on 4/30/2024 regarding his medical condition. Inmate Sudds [sic] has been seen regularly since 07/23/2024.

The Reviewing Authority for OSCI-2024-14026 accepted the Inmate Complaint Examiner's recommendation and dismissed the complaint, finding:

>   The complainant's appointment was scheduled to the standard of care, instead of attending as recommended by the offsite specialist the complainant refused (DOC 3220 added to evidence) the offsite appointment. The complaint was seen and evaluated by the onsite ACP and subsequently had ophthalmology appointments scheduled at the regular cadence. HSU did not purposefully delay or fail to provide the complainant with specialty eye care. Dismiss.

### 3. ANALYSIS

The State Defendants request summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment medical claim against them before filing the instant lawsuit. Plaintiff's claim in this case revolves around the medical care he received, or the lack thereof, at WCI in 2022. For the reasons discussed below, the Court finds that Plaintiff exhausted his administrative remedies as to this claim and will therefor deny the State Defendants' motion for summary judgment.

The parties agree on all material facts pertinent to the issue of exhaustion. The parties agree that Plaintiff filed an inmate complaint, OSCI-2024-14026, about his medical care. The parties further agree that Plaintiff properly exhausted that inmate complaint. The parties dispute, however, the legal question of whether OSCI-2024-14026 exhausted the Eighth

Amendment claim regarding the medical care he received at WCI in 2022. This inmate complaint was filed more than two years after Plaintiff transferred to WCI. Defendants argue that the timing of the complaint deprived "prison officials a change to address the alleged lack of treatment." ECF No. 20 at 6. Defendants further argue that this inmate complaint "failed to put the prison on notice that he was complaining about a lack of treatment at a different prison more than two years prior." *Id.* As such, the State Defendants argue that the claim against them should be dismissed for Plaintiff's failure to exhaust administrative remedies.

One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley,* 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995. To provide notice of the conduct complained of an inmate's complaint must contain the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where those rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). An inmate need not state "facts, articulate legal theories, or demand particular relief," nor must he name each potential defendant, so long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650; *Riccardo,* 375 F.3d at 524. In this way, the approach to interpreting inmate complaints is akin to the federal notice pleading system. *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005). Wisconsin's administrative rules provide little guidance as to the required contents of an inmate complaint; however, those rules do require

that offender complaints "[c]ontain only one issue per complaint, and []
clearly identify the issue." Wis. Admin. Code DOC § 310.09(1)(e).

Here, the State Defendants acknowledge that Plaintiff complained about inadequate medical care in OSCI-2024-14026. ECF No. 20 at 4. The State Defendants maintain, however, that this inmate complaint failed to provide notice of the Eighth Amendment deliberate indifference claim for their alleged inadequate medical treatment at WCI in 2022. In determining this issue, the Court finds it important to look at the specific language used in Plaintiff's inmate complaint. Plaintiff's inmate complaint, OSCI-2024-14026, Plaintiff lists the date of incident as September 2, 2024 and he signed it on September 16, 2024. ECF No. 22-2 at 11. The complaint states as follows in describing the one issue of the complaint: I'm receiving ongoing treatment for macular edema which is a visual impairment due to a lack of proper medical care." *Id.* When responding to the question regarding who Plaintiff attempted to resolve the issue with and the result, Plaintiff wrote the following: "I don't know who to contact. HSU RN Michael Millner was notified. See attached Request Slip and HSU Slip." *Id.* In response to details surrounding the complaint, Plaintiff wrote:

> On August 8th, 2024, I went to UW-Madison. The specialist there told me I have macular edema which is a visual impairment. The specialist informed that I developed macular edema due to the fact that the eye injection treatment I had been doing in the past was unnecessary delayed for some reason that is unknown to me. I now have to visit the hospital once a month for treatment. The last time I visited the hospital for treatment was the day stated in this complaint.

*Id.* Plaintiff's attached interview request form states:

> HSU Manager, I would like to know while at Waupun why the care for my eyes was not continued there and do to the

> fact that it was not followed upon the conditions of my eyes
> have gotten worse.

*Id.* at 12. In his attached health service request, Plaintiff again referenced his lack of care for his eyes at Waupun. *Id.* at 13. ('I would like to know while at Waupun why ongoing care was not continued for my eye [illegible] in violation of my 8th Amendment Right.").

The ICE recommended dismissing OSCI-2024-14026 based on a review of Plaintiff's eye care in 2024 at OCI. *See* at 2 ("Sudds refuses to go to the offsite provider on 4/30/2025 regarding his medical condition. Inmate Sudds has been seen regularly since 07/23/2024."). When appealing the dismissal, Plaintiff wrote: "In an effort to exhaust administrative remedy I am filing this appeal. Thank you." *Id.* at 42.

In consideration of these facts, the Court finds that OSCI-2024-14026 sufficiently put prison officials on notice of the Eighth Amendment claim against the State Defendants in this case. The Court notes, however, that this decision is a close call. The text of OSCI-2024-14026 itself does not suggest anything about Plaintiff's care at WCI in 2022; indeed, the date of the incident is listed as September 2, 2024. However, the attachments to Plaintiff's inmate complaint clearly indicate that Plaintiff was complaining about this medical care at WCI. The inmate complaint process explicitly allows inmates to "[p]rovide relevant supporting documentation…." Wis. Admin. Code § DOC 310.07(3)(f). Plaintiff's supporting documentation here was concise and easy to follow. Contrary to the State Defendants' argument, the attachments in this instance would not have made the ICE "engage in a 'game of hunt the peanut' to identify what the issue [wa]s." *See* ECF No. 46-1 at 2-3 (quoting *Greer v. Board of Educ. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

In *Riccardio,* the Seventh Circuit found a prisoner exhausted his administrative remedies even when the document filed was "at the border of intelligibility" and it was "hard to imagine much less that a prisoner could do and still alert the prison." 375 F.3d at 524. The court found, however, that a "generous construction of [the] grievance would have induced the prison to consider the possibility that the guards could have prevented [the] assault." *Id.* The same can be said here for Plaintiff's OSCI-2024-14026 inmate complaint. Plaintiff certainly could have explained his issue more clearly for the prison to understand that he was complaining about his lack of care at WCI. And he certainly could have explained his issue better in his inmate appeal to correct the complaint examiner's misinterpretation of his grievance. However, the Court finds that a generous construction of the grievance, especially considering the information in the attachments, should have induced the prison to investigate his eye care at WCI. The ICE may have reasonably misunderstood Plaintiff's complaint to be about a lack of care in 2024. However, the Court nonetheless finds that a generous reading of the complaint provided prison staff notice that he was complaining about his eye care at WCI.

The State Defendants argue that OSCI-2024-14026 would have been rejected as untimely if the complaint examiner had understood the complaint to be about Plaintiff's care in 2022. ECF No. 20. While this may be true, when the prison treats a grievance "as timely and resolves it on the merits, the federal judiciary will not second-guess that action." *Riccardio,* 375 F.3d at 524. Thus, the Court does not consider the timeliness of the inmate complaint. As such, the Court finds that Plaintiff exhausted his administrative remedies as to the Eighth Amendment claim against the

State Defendants. The Court will accordingly deny the State Defendants' motion for summary judgment.

## 4. CONCLUSION

For the reasons explained above, the Court will grant Plaintiff's motion to dismiss all claims against Defendant Murphy and will deny Murphy's motion for summary judgment as moot. As to the State Defendants, the Court will deny their motion for summary judgment based on the failure to exhaust administrative remedies. The case against the State Defendants will therefore proceed on the merits and the Court will issue a scheduling order in due course.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for an extension of time, ECF Nos. 26, 31, be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend/correct response to Defendants' motion for summary judgment, ECF No. 40, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the State Defendants' motion to file a surreply in support of their motion for summary judgment, ECF No. 46, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to present document as evidence, ECF No. 47, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss all claims against Defendant Murphy, ECF No. 41, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Murphy be and the same is hereby **DISMISSED** from this action with prejudice;

**IT IS FURTHER ORDERED** that Defendant Murphy's motion for summary judgment, ECF No. 36, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the State Defendants' motion for summary judgment, ECF No. 19, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge